Jay Calhoun (AZ Bar No. 022836)
Isagenix International LLC
2225 S. Price Road
Chandler, AZ 85248
Tel: (480)889-5747
Fax: (480) 889-5769
jay_calhoun@isagenix.net

Attorney for Plaintiff
Isagenix International LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ISAGENIX INTERNATIONAL LLC, an Arizona limited liability company, Plaintiff, vs. ARON SPERLING and JANE DOE SPERLING, individually and the marital community comprised thereof; ARON SPERLING d/b/a SUBLIME TECHNOLOGY LIMITED; WILLIAM J. MCCRACKEN and JANE DOE MCCRACKEN, individually and the marital community comprised thereof; ABC Corporation and XYZ Corporation, Defendants | Case No. _____<br><br>**COMPLAINT** |

1       Plaintiff, Isagenix International LLC (Isagenix), by its

2 undersigned counsel, for its Complaint in this action alleges:

3                **PARTIES, JURISDICTION AND VENUE**

4 1.    This is a civil action arising under: (a) the Declaratory

5 Judgment Act, 28 U.S.C.   §§ 2201-2202 and the United States

6 Trademark Act of 1946, as amended, 15 U.S.C. § 1501, et seq

7 ("Lanham   Act"),   for   declaratory   judgment   of   trademark

8 infringement, dilution, and unfair competition, (b) 15 U.S.C. §

9 1125(d) for cyber squatting, (c) 28 U.S.C. §§ 2201-2202 and the

10 laws  of  the  State  of  Arizona  for  declaratory  judgment  of

11 trademark infringement and unfair competition under the common

12 law, (d) civil conspiracy committed under the common law of

13 Arizona, and (e) copyright infringement under 17 U.S.C. § 101 et

14 seq.

15 2.    This Court has subject matter jurisdiction over this case

16 under 28 U.S.C. §§2201-2202, 15 U.S.C.  § 1121, 28 U.S.C. §§ 1331

17 and 1338 and the principles of supplemental jurisdiction.

18 3.    Isagenix International LLC is an Arizona limited liability

19 company with its principal place of business at 2225 S. Price

20 Road, Chandler, AZ 85248.

21 4.    Isagenix is the owner of the trademark "ISAGENIX" for

22 health and wellness products and services of numerous types,

23 including network marketing.

24 5.    On information and belief, Defendant Aron Sperling is a

25 Canadian citizen.

1   6.      Defendant Sperling started doing business with Isagenix,
2   an Arizona company, and became an Isagenix Independent Associate
3   on November 10, 2006.

4   7.      On information and belief, William J. McCracken is a
5   Canadian Citizen.

6   8.      Defendant  McCracken  started  doing  business  with
7   Isagenix, an Arizona company, and became an Isagenix Independent
8   Associate on December 26, 2006.

9   9.      On information and belief, Defendant Sublime Technology
10  Limited (Sublime) is a "doing business as" alias for Defendants
11  Sperling and McCracken with a mailing address at Room 211,
12  Wellbourne Comm. Ctr 8 Java Rd North Point, Hong Kong.

13  10.     On information and belief, Defendant Sperling registered
14  the domain names <isagenix.com.hk> and <isagenix.hk> (Infringing
15  Domain Names) on January 24, 2007.

16  11.     On information and belief, Defendant Sperling is the
17  agent and owner of the Infringing Domain Names and websites.

18  12.     Defendant Sperling has identified himself in e-mails
19  sent to Isagenix as being the owner having the ability to
20  transfer the Infringing Domain Names and website to Isagenix.

21  13.     On information and belief, Defendants controls the
22  actions of Sublime Technology Limited.

23  14.     On information and belief, between November 2006 and
24  March 23, 2007 defendants Sperling and McCracken maliciously
25  conspired together with the intent to injure Plaintiff.

-3-

1  15.    On further information and belief, Defendant McCracken
2  participated in the conspiracy to injure Plaintiff.

3  16.    On further information and belief, Defendant McCracken
4  encouraged Defendant Sperling to register the Infringing Domain
5  Names to extort payment from Plaintiff.

6  17.    On further information and belief, Defendant McCracken
7  knowingly gave substantial aid to Defendant Sperling, who he
8  knew, intended to infringe on Plaintiff's trademarks and trade
9  name.

10 18.    This    dispute    concerns    Defendants'    unauthorized
11 registration    and    use    of    the    Infringing    Domain    Name
12 <isagenix.com.hk> and <isagenix.hk>.

13 19.    Defendant Sperling is aware of Isagenix's objection to
14 Defendant's registration of the Infringing Domain Names.

15 20.    This Court has personal jurisdiction over the Defendants
16 because Defendants purposefully availed themselves of conducting
17 business in Arizona.  Further, Defendants have committed a tort
18 in or directed at the forum.

19 21.    Moreover, this Court has personal jurisdiction over
20 Defendants because they agreed to jurisdiction in Arizona as a
21 part of their terms and agreement as Isagenix Independent
22 Associates.

23 22.    Venue is proper under 28 U.S.C. § 1391 because at least
24 some of the events giving rise to the claims alleged herein

25

-4-

1   occurred in this District and Defendants are subject to personal
2   jurisdiction in this District.

3                   **PERTINENT FACTS/GENERAL ALLEGATIONS**

4   23.     Isagenix was founded in Chandler, AZ, in 2000. Isagenix
5   is a front runner in the health and wellness industry with
6   operations in four countries, most recently Hong Kong, with sales
7   approaching $200 million, 250 employees and more than 150,000
8   Independent Associates around the world.

9   24.     Isagenix has used the term "ISAGENIX" continuously in
10  connection with the sale of health and wellness products and
11  services since at least as early as 1997.

12  25.     Isagenix has sold millions of dollars worth of health
13  and wellness products and services in the United States and
14  Canada in connection with its "ISAGENIX" mark.

15  26.     Isagenix's "ISAGENIX" mark is well known in the United
16  States and Canada.

17  27.     Isagenix advertises its health and wellness products and
18  services via the Internet and in print advertising in connection
19  with its "ISAGENIX" mark and through a network of independent
20  associates worldwide.

21  28.     Isagenix promotes and sells its health and wellness
22  products and services over the Internet in connection with its
23  "ISAGENIX" mark.

24

25

                                    -5-

1   29.    Isagenix's main Internet site on which it promotes and

2   sells products in connection with its "ISAGENIX" mark utilizes

3   the domain name "isagenix.com."

4   30.    Isagenix's website at www.isagenix.com is available to

5   consumers, who can purchase products from the website.

6   31.    Isagenix's Internet site located at www.isagenix.com

7   prominently displays the "ISAGENIX" mark.

8   32.    Since at least as early as 2000, Isagenix has maintained

9   a website at www.isagenix.com in connection with the sale and

10  marketing of its health and wellness products in connection with

11  the "ISAGENIX" mark.

12  33.    Isagenix is the owner of numerous service marks and

13  trademark registrations worldwide for its "ISAGENIX" mark,

14  including the following incontestable registrations, which are

15  conclusive proof of Isagenix's ownership of the marks:

16      (a)  Registration No. 2198293 for ISAGENIX filed on

17  September 22, 1997 and registered on October 20, 1998.

18      (b)  Registration 3203741 for ISAGENIX (design plus words)

19  filed on January 31, 2006 and registered on January 30, 2007.

20  34.    As a result of Isagenix's registrations for the

21  "ISAGENIX" mark, Defendants had at least constructive notice of

22  Isagenix's ownership of its "ISAGENIX" mark. 15 U.S.C. § 1072.

23  35.    Isagenix owns the domain name registrations for

24  <isagenix.com> and operates and Internet website accessible

25  through the Internet addresses www.isagenix.com.  A printout of

1  the home page of Isagenix's www.isagenix.com website is attached
2  hereto as Exhibit 1.

3  36.    On information and belief, the owner of the Infringing
4  Domain Names <isagenix.com.hk> and <isagenix.hk> is Defendant
5  Sperling.

6  37.    On information and belief, Sublime Technology Limited is
7  merely Defendant Sperling's purchased contact address to fulfill
8  Hong Kong's requirements to register a domain name as a
9  foreigner.

10  38.    On information and belief, Sublime Technology Limited
11  has no control authority over the Infringing Domain Names and
12  Defendant Sperling is the owner and agent for the Infringing
13  domain names <isagenix.com.hk> and <isagenix.hk>.

14  39.    On March 23, 2007, Plaintiff called Sublime Technology
15  Limited at its registered phone number (+61-03-97831800) and it
16  had been disconnected.

17  40.    HDKNR is the registrar of the domain name
18  <isagenix.com.hk> and <isagenix.hk>. On information and belief,
19  HDKNR is a Hong Kong company with its principle place of business
20  in Hong Kong.

21  41.    A true and correct copy of a record of the domain
22  ownership information for the Infringing Domain Names
23  <isagenix.com.hk> and <isagenix.hk> is attached hereto as Exhibit
24  2.

25

1  42.     On information and belief, seeking to capitalize on the
2  success of the "ISAGENIX" mark and the goodwill associated
3  therewith, and to extort payment from Isagenix, the Infringing
4  Domain Names <isagenix.com.hk> and <isagenix.hk> were caused to
5  be registered by Defendant McCracken through Defendant Sperling
6  with HKDNR on January 24, 2007.

7  43.     On information and belief, Defendant's Infringing
8  websites were active with content between January 20-30, 2007.

9  44.     On information and belief, the registration was caused
10 by Defendant Sperling, to interfere with Isagenix's opening of
11 its Hong Kong Office, in an attempt to extort money from Isagenix
12 and in an attempt to evade the laws of the United States.

13 45.     On information and belief, on or between January 20-30,
14 2007, the content on the websites located at
15 <www.isagenix.com.hk> and <www.isagenix.hk> was provided by
16 Defendant Sperling.

17 46.     On January 30, 2007, Glen Rawlins (Rawlins), Vice
18 President of Special Projects at Isagenix e-mailed Defendant
19 Sperling informing him of his unauthorized use of the "ISAGENIX"
20 mark.

21 47.     A true and correct copy of the January 30, 2007, e-mail
22 referenced in the preceding paragraph is attached hereto as part
23 of the collective Exhibit 3.

24 48.     On February 3, 2007, Defendant Sperling did not respond
25 to Rawlins, but sent a reply to Isagenix's compliance department

-8-

1   and stated that he owned the Infringing Domain Names and also
2   stated that "I [Sperling] can only assume that the one I have
3   chosen may have been over looked by Isagenix International as a
4   very important name for the Asian Market."

5   49.    A true and correct copy of the February 3, 2007, e-mail
6   referenced in the preceding paragraph is attached hereto as part
7   of the collective Exhibit 3.

8   50.    On February 8, 2007, Rawlins responded to Defendant
9   Sperling's email and informed him that Isagenix was in the
10  process of notifying all infringing domain names that contained
11  Isagenix's trade name to relinquish them and offered to reimburse
12  Defendant Sperling for cost.

13  51.    A true and correct copy of the February 8, 2007, e-mail
14  referenced in the preceding paragraph is attached hereto as part
15  of the collective Exhibit 3.

16  52.    On February 12, 2007, Defendant Sperling emailed Warren
17  TeBrugge (TeBrugge), Isagenix's President of International
18  Expansion and stated that he, Sperling, owned the domain names
19  and had deactivated the Infringing web sites and request for
20  compensation for doing so.

21  53.    A true and correct copy of the February 12, 2007, e-mail
22  referenced in the preceding paragraph is attached hereto as part
23  of the collective Exhibit 3.

24  54.    On February 13, 2007, Lisa Conty in Isagenix's
25  compliance department emailed Defendant Sperling and advised him

-9-

1   that the use of Isagenix's trade name was unauthorized and

2   infringing on Isagenix's trademark and trade name.

3   55.    A true and correct copy of the February 13, 2007, e-mail

4   referenced in the preceding paragraph is attached hereto as part

5   of the collective Exhibit 3.

6   56.    On February 14, 2007, TeBrugge replied to Defendant

7   Sperling's email and explained to Defendant Sperling the reasons

8   why he must not use the Isagenix trade name.

9   57.    A true and correct copy of the February 14, 2007, e-mail

10  referenced in the preceding paragraph is attached hereto as part

11  of the collective Exhibit 3.

12  58.    On February 15, 2007, Sperling replied and offered to

13  negotiate the sale of an assignment of the Infringing Domain

14  Names to Isagenix.

15  59.    A true and correct copy of the February 15, 2007, e-mail

16  referenced in the preceding paragraph is attached hereto as part

17  of the collective Exhibit 3.

18  60.    On February 15, 2007, TeBrugge replied to Sperling's

19  email and informed him that Isagenix required him, Sperling, to

20  transfer the Infringing Domain Names to Isagenix.

21  61.    A true and correct copy of the February 15, 2007, e-mail

22  referenced in the preceding paragraph is attached hereto as part

23  of the collective Exhibit 3.

24  62.    On February 15, 2007, Defendant Sperling replies to

25  TeBrugge's February 15th email and re-acknowledged that he

-10-

1  "legally owned the domain names" and offered to sale the
2  Infringing Domain Names to Isagenix.

3  63.    A true and correct copy of the February 15, 2007, e-mail
4  referenced in the preceding paragraph is attached hereto as part
5  of the collective Exhibit 3.

6  64.    On February 20, 2007, Defendant Sperling sent an email
7  to TeBrugge stating that he would leave the infringing domain
8  names active to see if Isagenix had an interest in purchasing
9  them and stated that he is "looking for more than being
10 compensated for just what I [Sperling] paid for them."

11 65.    A true and correct copy of the February 20, 2007, e-mail
12 referenced in the preceding paragraph is attached hereto as part
13 of the collective Exhibit 3.

14 66.    When Isagenix did not respond to Defendant Sperling's
15 February 20, 2007 email, on February 24, 2007, Defendant Sperling
16 sent an email to TeBrugge stating that he is willing to negotiate
17 a price to transfer the Infringing Domain Names.

18 67.    A true and correct copy of the February 24, 2007, e-mail
19 referenced in the preceding paragraph is attached hereto as part
20 of the collective Exhibit 3.

21 68.    On February 26, 2007, TeBrugge replied to Defendant
22 Sperling's February 24th email stating that he left Defendant
23 Sperling a voicemail in which Isagenix offered to assist
24 Defendant Sperling with building his Isagenix Independent
25 Associate business.

1   69.     A true and correct copy of the February 26, 2007, e-mail
2   referenced in the preceding paragraph is attached hereto as part
3   of the collective Exhibit 3.

4   70.     On February 26, 2007, Defendant Sperling replied to
5   TeBrugge's Feb. 26th email declining the offer stating it was not
6   "reasonable" and that the offer was "weak." Defendant Sperling
7   wrote "[a]greements have been made for incredible amounts of
8   money for dot com domains, in many cases, for millions of
9   dollars. I am certainly not looking for an outrageous settlement
10   from Isagenix."

11   71.     A true and correct copy of the February 26, 2007, e-mail
12   referenced in the preceding paragraph is attached hereto as part
13   of the collective Exhibit 3.

14   72.     On February 26, 2007, TeBrugge replied to Defendant
15   Sperling's email and informed him that Steven Kochen (Kochen),
16   Isagenix's Chief Corporate Counsel, would contact him later that
17   day.

18   73.     A true and correct copy of the February 26, 2007, e-mail
19   referenced in the preceding paragraph is attached hereto as part
20   of the collective Exhibit 3.

21   74.     On February 26, 2007, Kochen called Defendant Sperling
22   to discuss the transfer of the Infringing domain names and
23   offered Sperling $300 and three months free membership in
24   Isagenix's lead pool valued at $1500.00.

25

1    75.     On February 27, 2007, Kochen sent a confirmation email

2    regarding the February 26th phone call.

3    76.     A true and correct copy of the February 27, 2007, e-mail

4    referenced in the preceding paragraph is attached hereto as part

5    of the collective Exhibit 3.

6    77.     On February 27, 2007, Defendant Sperling sent a reply to

7    Kochen's email but did not address the transfer of the Infringing

8    Domain Names.

9    78.     A true and correct copy of the February 27, 2007, e-mail

10    referenced in the preceding paragraph is attached hereto as part

11    of the collective Exhibit 3.

12    79.     On March 2, 2007, Lisa Conty in Isagenix's compliance

13    department sent email to Defendant Sperling that Isagenix would

14    extend its offer until March 5th and if Sperling did not comply

15    his Isagenix account would be suspended.

16    80.     A true and correct copy of the March 2, 2007, e-mail

17    referenced in the preceding paragraph is attached hereto as part

18    of the collective Exhibit 3.

19    81.     On March 7, 2007, Rohit Parekh, emails Isagenix

20    informing us that he is Defendant Sperling's attorney, to follow-

21    up on the Kochen's phone call and requested Isagenix 2006 & 2007

22    Policies and Procedures.

23    82.     A true and correct copy of the March 7, 2007, e-mail

24    referenced in the preceding paragraph is attached hereto as part

25    of the collective Exhibit 3.

1  83.    On March 13, 2007, prior to filing this lawsuit,
2  Isagenix's in-house counsel sent a letter to Defendant Sperling,
3  explaining among other things, that Defendants offer to sell the
4  Infringing Domain Names to Isagenix, was a violation of the law
5  and constituted domain name piracy under the Lanham Act and
6  requested that Defendant transfer or assign the Infringing Domain
7  Names <isagenix.com.hk> and <isagneix.hk> to Isagenix. A copy of
8  the letter is attached as Exhibit 4. The letter demonstrated that
9  Sperling is violating the Lanham Act and the Anticybersquatting
10  Consumer Protection Act, committing unfair competition and acting
11  in bad faith.

12  84.    On March 15, 2007, Defendant Sperling responded to the
13  letter via email but he did not offer to transfer or assign the
14  Infringing Domain Names.

15  85.    On March 15, 2007, Kochen spoke with Defendant Sperling
16  Defendant Sperling and Sperling again declined to assign the
17  Infringing Domain Names but offered to re-direct the Infringing
18  websites to Isagenix's corporate website.

19  86.    On March 19, 2007, Defendant Sperling emailed Isagenix's
20  in-house counsel stating that he received Isagenix's cease and
21  desist letter.

22  87.    A true and correct copy of the March 19, 2007, e-mail
23  referenced in the preceding paragraph is attached hereto as part
24  of the collective Exhibit 3.

25

1  88.    On March 23, 2007, Defendant Sperling sent an email to
2  TeBrugge and carbon copied Isagenix in-house counsel to inform
3  them that he had forwarded his Infringing Websites to Isagenix's
4  corporate website.

5  89.    A true and correct copy of the March 23, 2007, e-mail
6  referenced in the preceding paragraph is attached hereto as part
7  of the collective Exhibit 3.

8  90.    Isagenix did not authorize Defendant Sperling to
9  redirect his Infringing websites to its official corporate
10 website.

11 91.    Defendant Sperling has not agreed to assign the
12 Infringing Domain Name <isagenix.com.hk> and <isagenix.hk> to
13 Isagenix or to cease his plans to use the marks.

14 92.    A true and correct copy of Infringing websites
15 referenced in the preceding paragraph is attached hereto as part
16 of the Exhibit 5.

17 93.    As an Isagenix Independent Associate, Defendant Sperling
18 agreed not to use the name "ISAGENIX" in any domain name or e-
19 mail address.

20 94.    Defendants' activities and use complained of herein are
21 likely to cause confusion in the marketplace by creating the
22 false or erroneous impression that Defendants activities are
23 affiliated with, connected to, associated with, sponsored by and
24 originated from or approved by Isagenix.

25

95.      Isagenix is informed and believes that Defendant will not cease and desist from their plans to infringe or otherwise exploit Isagenix's "ISAGENIX" mark absent injunctive relief.

96.      Defendants' fraudulent actions are intentional, deliberate, calculated, and willful. The willfulness of Sperling's actions is attested to by the fact that, Sperling deliberately timed his activities to the opening of Isagenix's Hong Kong office is demonstrative of bad-faith and demonstrates Sperling is a sophisticated cyber squatter.

97.      Defendant Sperling's two Infringing Domain Names threatens Isagenix's legitimate business and damages the goodwill Isagenix has earned and fostered over the course of its years in business. Such harm to the Isagenix mark should not be allowed.

### FIRST CLAIM FOR RELIEF

### Violation of the ACPA (15 U.S.C. § 1125(d))

98.      Isagenix incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

99.      Defendants' registration and use of the domain names <isagenix.com.hk> and <isagenix.hk>, which is confusingly similar to Isagenix's registered and common-law trademarks, constitutes violations of the ACPA. 15 U.S.C. § 1125 (d).

100.      The aforesaid willful actions of Defendants have caused, and unless enjoined, will continue to cause damage and irreparable injury for which there is no adequate remedy at law.

1          **SECOND CLAIM FOR RELIEF**

2     **Declaratory Judgment of Trademark Infringement (15 U.S.C. § 1114)**

3     101.    Isagenix hereby incorporates by reference all previous

4     allegations of this Complaint as if specifically set forth

5     herein.

6     102.    As a result of Isagenix's federal registrations for

7     "ISAGENIX" and the continuous and extensive use by Isagenix of

8     the "ISAGENIX" mark in connection with the promotion and sale of

9     health and wellness products and services, Isagenix has developed

10    extensive rights and goodwill in the "ISAGENIX" mark.

11    103.    Defendants use of the term "ISAGENIX" with or without

12    the term "HK," in a manner likely to cause (a) confusion, to

13    cause mistake, or to deceive as to the affiliation, connection,

14    sponsorship, approval or association of Defendants with Isagenix

15    or (b) create confusion as to the origin of Defendants' services

16    and products in violation of § 32 of the Lanham Act, 15 U.S.C.  §

17    1114(a).

18    104.    Defendants have refused to discontinue their use of the

19    term "ISAGENIX" with or without the term "HK" despite knowing

20    that Isagenix has rights in the mark and receiving actual notice

21    of Isagenix's rights in the "ISAGENIX" mark.

22    105.    Defendants harm of Isagenix is irreparable.

23    106.    As a direct and proximate cause of Defendants' planned

24    conduct, Isagenix will be damaged in an amount not totally

25    ascertainable and will suffer irreparable injury to its goodwill,

1   its rights to its business, unless and until Defendants and
2   others in active concert are restrained from conducting their
3   wrongful acts.

**THIRD CLAIM FOR RELIEF**

**Declaratory Judgment of Trademark Dilution under 15 U.S.C. §**

**1125(c)**

7   107.   Isagenix incorporates by reference all previous
8   allegations of this Complaint as if specifically set forth
9   herein.

10  108.   As a result of Isagenix's federal registration for
11  "ISAGENIX" and the continuous and extensive use by Isagenix of
12  the "ISAGENIX" mark in connection with health and wellness
13  products and services, Isagenix has developed extensive rights
14  and goodwill in the "ISAGENIX" mark.

15  109.   Defendants use in commerce of the term "ISAGENIX" with
16  or without the term "HK," is likely to cause dilution of the
17  distinctiveness of the "ISAGENIX" make in violation of 15 U.S.C.
18  § 1125 (c ).

19  110.   Defendants' planned harm to Isagenix is irreparable.

20  111.   As a direct and proximate cause of Defendants' planned
21  conduct, Isagenix will be damaged in an amount not totally
22  ascertainable and will suffer irreparable injury to its goodwill,
23  its rights to its business, unless and until Defendants and
24  others in active concert are restrained from conducting their
25  wrongful acts.

1

**FOURTH CLAIM FOR RELIEF**

2

**Declaratory Judgment of Unfair Competition under U.S.C. § 1125(a)**

3   112.    Isagenix hereby incorporates by reference all previous
4   allegations of this Complaint as if specifically set forth
5   herein.

6   113.    As  a  result  of  Isagenix's  federal  registrations  for
7   "ISAGENIX" and the continuous and extensive use by Isagenix of
8   the "ISAGENIX" mark in connection with the promotion and sale of
9   health and wellness products and services, Isagenix has developed
10  extensive rights and goodwill in the "ISAGENIX" mark.

11  114.    Defendants use of the term "ISAGENIX" with or without
12  the  term  "HK,"  is  likely  to  cause  (a)  confusion,  to  cause
13  mistake,  or  to  deceive  as  to  the  affiliation,  connection,
14  sponsorship, approval or association of Defendants with Isagenix
15  or (b) create confusion as to the origin of Defendants' services
16  and products in violation of § 43 (a) of the Lanham Act, 15
17  U.S.C.  § 1125(a).

18  115.    Defendants harm to Isagenix is irreparable.

19  116.    As a direct and proximate cause of Defendants' planned
20  conduct,  Isagenix  will  be  damaged  in  an  amount  not  totally
21  ascertainable and will suffer irreparable injury to its goodwill,
22  its  rights  to  its  business,  unless  and  until  Defendants  and
23  others  in  active  concert  are  restrained  from  conducting  their
24  wrongful acts.

25

1

**FIFTH CLAIM FOR RELIEF**

2

**Common Law Trademark Infringement**

3   117.    Isagenix   incorporates   by   reference   all   previous

4   allegations  of  this  complaint  as  if  specifically  set  forth

5   herein.

6   118.    Isagenix owns and enjoys common law rights in the State

7   of Arizona and elsewhere in and to the use of the "Isagenix" mark

8   in connection with the sale and promotion of health and wellness

9   products and services.

10   119.    Defendants' use of the term "ISAGENIX" with or without

11   the  term  "HK,"  constitutes  unfair  competition  and  trademark

12   infringement at common law.

13   120.    Defendants have refused to discontinue their plans to

14   use the mark "ISAGENIX" with or without the "HK," in the manner

15   described herein despite notification of Isagenix's rights in the

16   "ISAGENIX" mark.

17   121.    Defendants' use of "ISAGENIX" with or without the term

18   "HK," irreparably harms Isagenix.

19   122.    As a direct and proximate cause of Defendants' planned

20   conduct,  Isagenix will be  damaged in  an  amount  not  totally

21   ascertainable and will suffer irreparable injury to its goodwill,

22   its  rights  to  its  business,  unless  and  until  Defendants  and

23   others  in  active  concert  are  restrained  from  conducting  their

24   wrongful acts.

25

1 **SIXTH CLAIM FOR RELIEF**

2 **Copyright Infringement**

3 123.    Isagenix  incorporates  by  reference  all  previous

4 allegations  of  this  complaint  as  if  specifically  set  forth

5 herein.

6 124.    Plaintiff is the owner of copyrights for its website and

7 the individual web pages on its web site.

8 125.    Plaintiff has filed applications with the U.S. Copyright

9 Office to register Plaintiff's web site and individual web pages

10 of the web site.

11 126.    Defendants  have  infringed  Plaintiff's  copyright  by

12 reproducing  and  distributing  copies  of,  preparing  derivative

13 works of, and publicly displaying Plaintiffs web site and web

14 pages without the authorization of Plaintiff.

15 127.    This wrongful conduct constitutes a violation of Section

16 501 of the Copyright Act, 17 U.S.C. § 501.

17 128.    Defendants conduct has greatly and irreparably damaged

18 Plaintiff  and  will  continue  to  so  damage  Plaintiff  unless

19 restrained by this Court.

20 129.    Plaintiff  is  entitled  to  an  injunction,  statutory

21 damages, actual damages, and an award of costs as provided under

22 17 U.S.C. § 504.

23 **PRAYER FOR RELIEF**

24 Wherefore,  Isagenix  respectfully  prays  for  relief  against

25 Defendants s follows:

-21-

1  A.    For   a   declaratory   judgment   that   Defendants'   use   of
2  "ISAGENIX" with or without the term "HK" infringes or dilutes the
3  Isagenix "ISAGENIX" mark or constitutes unfair competition.

4  B.    For a temporary restraining order, and preliminary and
5  permanent injunction pursuant to 15 U.S.C. § 1116 and common-law
6  remedies   restraining   Defendants,   their   officers,   directors,
7  agents, servants, employees and all persons in active concert or
8  participation   with   them   who   receive   actual   notice   of   the
9  injunction by personal service or otherwise from doing, abiding,
10  causing, aiding or abetting any of the following:

11    (1) in any way using or displaying the terms "ISAGENIX," or any
12  confusingly   similar   mark,   including   "ISAGENIX.COM.HK,"
13  "ISAGENIX.HK"   in   connection   with   (a)   the   sale,   supply,
14  distribution, marketing, or manufacturing of health and wellness
15  products or services, or (b) providing or sponsoring programming
16  or Internet site related to health and wellness;

17    (2)   otherwise   infringing   or   diluting   Isagenix's   "ISAGENIX"
18  mark;

19    (3) in any way passing off, inducing or enabling others to sell
20  or pass off, as being offered by Isagenix, health and wellness
21  products or services that are not manufactured, distributed by
22  Isagenix or sold under the control or supervision of Isagenix, or
23  approved by Isagenix; and

24    (4) competing unfairly with Isagenix in any manner whatsoever.

25  C. That Defendants be directed to account and pay to Isagenix

1  any damages suffered by Isagenix as a result of Defendants'
2  wrongful conduct described herein including its violation of the
3  Lanham Act, pursuant to 15 U.S.C. § 1117 and state law, as well
4  as to account for any gains, profits and advantages derived by
5  such wrongful conduct.

6  D. That any damages caused by Defendants be trebled in
7  accordance with 15 U.S.C. § 1117 because its proposed
8  infringement of Isagenix's "ISAGENIX" mark is intentional and
9  therefore warrants enhanced damages.

10  E. That Isagenix be awarded punitive damages under state law as
11  the Court may find appropriate because Defendants' infringement
12  is willful and intentional.

13  F. That Defendants assign to Isagenix the domain name
14  <Isagenix.com.hk> and <isageix.hk>.

15  G. That Isagenix be awarded $200,000 in statutory damages for
16  Defendants' cyber squatting per domain name. 15 U.S.C. § 1117(d).

17  H. Declare Defendants have engaged in civil conspiracy to
18  inflict injury upon the Plaintiff, and to therefore be jointly
19  and severally liable for all damages awarded by the Court without
20  allocation, apportionment, or limitation of liability.

21  I. Enjoin Defendants from using Isagenix's web site and
22  individual pages of the web site.

23  J. That Isagenix be awarded $200,000 in statutory damages
24  Defendants' willful copyright infringement. 17 U.S.C. § 504

25  K. Award Plaintiff punitive damages in such amount as the

1  Court may deem appropriate to penalize Defendants for their
2  intentional and malicious acts of misconduct.

3  L. That Isagenix be awarded its costs incurred herein under the
4  provisions of 15 U.S.C. § 1117 and 17 U.S.C. § 504.

5  M. That Isagenix be awarded post-judgment interest on the
6  foregoing sums at the maximum rated permitted by law from the
7  date judgment is entered until paid.

8  N. For such other and further relief as the Court deems
9  appropriate under the circumstances.

10                      **DEMAND FOR JURY TRIAL**

11  Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby
12  demands trial by jury of all issues triable by a jury.

13

14
                        Dated this 28th day of March, 2007
15
                              /s/ Jay Calhoun
16                            Jay Calhoun
                              2225 S. Price Road
17                            Chandler, AZ 85248
                              (480)889-5747 ext.4235
18

19

20

21

22

23

24

25